[Cite as *State v. Mauldin*, 2017-Ohio-1549.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104540**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICKEY L. MAULDIN

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-598609-A and CR-15-600187-A

**BEFORE:** Kilbane, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
Erin R. Flanagan, Esq. Ltd.
75 Public Square
Suite 1325
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Kelly Needham
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Rickey Mauldin ("Mauldin"), appeals his sentence resulting from his escape conviction. For the reasons set forth below, we dismiss the appeal as moot.

{¶2} In September 2015, Mauldin was charged in a five-count indictment in Cuyahoga C.P. No. CR-15-598609-A. Count 1 charged him with trafficking, Counts 2 and 3 charged him with drug possession, Count 4 charged him with possessing criminal tools, and Count 5 charged him with falsification.[1] In October 2015, Mauldin was charged in Cuyahoga C.P. No. CR-15-600187-A with escape.

{¶3} In April 2016, Mauldin pled guilty to amended counts in both cases. In Case Number CR-15-598609-A, Mauldin pled guilty to both Counts 2 and 3 of the indictment, and the remaining counts were nolled. In Case Number CR-15-600187-A, Mauldin pled guilty to escape, which was amended from a fifth-degree felony to a first-degree misdemeanor.

{¶4} The trial court sentenced Mauldin to 12 months in prison on each count in Case Number CR-15-598609-A, to be served concurrently to each other and Case Number CR-15-600187-A. In CR-15-600187, Mauldin was sentenced to three years of community control sanctions, which included a term of inpatient treatment at the Nancy R. McDonnell Community Based Correctional Facility ("CBCF"), followed by

---

[1]Counts 1-4 carried various forfeiture specifications.

participation in the home detention GPS monitoring unit for six months after his release from CBCF.

{¶5} Mauldin now appeals his escape sentence, raising the following two errors for review.

### Assignment of Error One

The trial court erred when it imposed upon a first-degree misdemeanor a sentence of three or six months of programming at [CBCF] and six months of home detention/GPS monitoring.

### Assignment of Error Two

The trial court erred when it issued a nunc pro tunc journal entry that modified the punishment it had pronounced at the sentencing hearing.

{¶6} Within these assigned errors, Mauldin argues that the trial court imposed a sentence in excess of that allowed by law when it sentenced him to "three or six months" at CBCF followed by six months of home detention GPS monitoring. Mauldin further argues the trial court improperly modified his sentence through a nunc pro tunc entry.

{¶7} During the pendency of this appeal, however, the trial court terminated Mauldin's probation and placed him on postrelease control. The trial court ordered that Mauldin be released. At appellate oral argument, both Mauldin and the state of Ohio conceded that the appeal is moot in light of the termination of Mauldin's probation.

{¶8} Based on the foregoing, Mauldin's assignments of error are moot.

{¶9} Accordingly, the matter is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR